IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | |
| LIABILITY LITIGATION (No. VI) | : | |
| | : | MULTIDISTRICT LITIGATION |
| _____ | : | MDL DOCKET NO. 875 |
| This Document Relates To | : | |
| All Roger Lane CSX Cases | : | Transferor District Court |
| Listed in Exhibit "A" Attached | : | Southern District of Georgia |
| _____ | : | |

**REPORT AND RECOMMENDATION**
**ON DEFENDANT CSX TRANSPORTATION'S MOTIONS**
**FOR SUMMARY JUDGMENT**

M. FAITH ANGELL, U.S.M.J.                                                                          June 27, 2011

Plaintiffs filed the instant FELA asbestos actions alleging negligence against employer railroad based on exposure to asbestos during their employment. Presently before the court are summary judgment motions filed by Defendant CSX Transportation, Inc. ["CSXT"].[1] For reasons stated herein, I recommend that Defendant CSXT's summary judgment motions be GRANTED.

**I. FACTUAL BACKGROUND**.

Plaintiffs in these various cases are former employees of Defendant CSXT who allege that during their employment CSXT negligently exposed them to asbestos.[2] Plaintiffs allege that

---

[1]This Report and Recommendation applies to all cases listed in Exhibit "A," which is attached.

[2]All of the cases at issue were originally filed in the Southern District of Georgia by Roger B. Lane, Esq. These cases appear in the Eastern District of Pennsylvania as part of MDL 875 and its associated administrative orders.

they contracted asbestos-related diseases as a result of exposure and bring their negligence claims under the Federal Employers' Liability Act, 45 U.S.C. 51.

In making their allegations Plaintiffs rely on expert testimony in the form of medical reports by either Dr. Isabella Sharpe and/or Dr. Samir Najjar, both of Jacksonville, Florida. The Honorable Eduardo C. Robreno has ruled that medical reports from these former physicians are inadmissible and cannot be used as medical or causation evidence in these asbestos cases. *See September 1, 2010 Order[3]*.

Judge Robreno granted Plaintiffs an opportunity to supplement their medical evidence in order to meet their burden of proof. In addition to the inadmissible Sharpe/Najjar reports, the Plaintiffs have now produced reports from other physicians. The additional medical records fall into one of the following categories: (1) an expert medical report from Dr. Alvin Schonfeld; (2) medical records of Dr. Herman Levy, a pulmonologist; (3) medical records from Dr. Manel Nayak; and (4) medical records from Dr. M. Rothstein. As to each category, Defendant CSXT argues that the additional medical evidence is insufficient, as a matter of law, to withstand summary judgment.[4]

---

[3] This order was docketed in each of the cases in the "first wave of Sharpe/Najjar motions," and can be accessed by their individual ED Pa case numbers, for example, 2:09-cv-74312-ER at Docket #16.

[4] In their supplemental response, filed on June 20, 2011, Plaintiffs, for the first time, rely on medical records from Dr. M. Rothstein to defeat summary judgment in one case. Defendant CSXT has not addressed Dr. Rothstein's records in its reply. Because I conclude that the issue can be resolved on the current record, and in the interest of moving these cases forward, I will rule on this issue and note that any additional argument can be included in objections to this Report and Recommendation.

## II. LEGAL STANDARDS.

### A. Standard for Summary Judgment.

Summary judgment may be granted only "if the pleadings ... show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56( c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

The moving party has the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party has met its initial burden, the adverse party must set forth specific facts showing that there is a genuine issue requiring trial. Fed. R. Civ. Pro. 56(e). "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." *Boykins v. Lucent Techs, Inc.*, 78 F.Supp.2d 402, 408 (E.D. Pa. 2000). The evidence presented must be viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir. 1983). Summary judgment is also appropriate when the non-moving party has not presented evidence, in addition to when no genuine issue of material fact exists. *Celotex*, 477 U.S. at 325.

As provided under the local rules, whether or not a motion for summary judgment has been opposed, the Court must independently determine that the moving party is entitled to judgment as a matter of law. *See* Loc. R. Civ. P. 7.1( c).

FELA cases have a slightly altered standard for summary judgment. Summary judgment is appropriate "only in those extremely rare instances where there is zero probability either of employer negligence or that any such negligence contributed to the injury of an employee." *Pehowic v. Erie Lackawanna R.R. Co.*, 430 F.2d 697, 700 (3d Cir. 1970).

B. **Federal Employers' Liability Act.**

Plaintiffs allege employer negligence under Federal Employers' Liability Act, 45 U.S.C. 51 ("FELA"). FELA created a federal cause of action for tort claims by railway workers. FELA is to be defined "by the common law principles as established and applied in the federal courts." *Urie v. Thompson*, 337 U.S. 163, 175 (1949). The Supreme Court has reaffirmed this reasoning. *See Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007). Thus, when claiming negligence under FELA, as the Plaintiffs here do, the standard is the same as the one for common law negligence.

Under FELA, a plaintiff must prove that his injuries resulted from defendant's negligence while working for defendant. *Fritchman v. Norfolk S. Ry. Co*, Civil Action No.08-2559, 2009 WL 722301 at *1 (E.D. Pa. March 17, 2009). Since specialized knowledge is necessary to prove issues of injury and causation, expert testimony is required. *Bushman v. Halm,* 798 F.2d 651, 659 (3d Cir. 1981).

Applying FELA does not change the requirement for expert testimony. *In re Paoli R.R. Yard PCB Litig.*, Civil Action Nos. 86-2229, 87-1190, 87-1258, 87-3227, 2000 WL 274262 at *2-3 (E.D. Pa. March 7, 2000). Courts are vested with discretion in making admissibility determinations. *Hill v. Reederei F. Laeisz G.M.B.H. Rostock*, 435 F.3d 404, 425 (3d Cir. 2006). In addition, the admission of expert witness is reviewed on appeal by an abuse of discretion

standard. *Feit v. Great West Life and Annuity Ins. Co.*, 271 Fed.Appx. 246 (3d Cir. 2008).

### III. **DISCUSSION.**

I will address each of the four different categories of additional medical evidence in turn.

### A. **Dr. Alvin Schonfeld Has Withdrawn His Diagnoses And Plaintiffs Cannot Survive Summary Judgment Solely on Unsworn Sharpe/Najjar Reports.**

In many of the cases listed in Exhibit "A," the additional medical evidence which has been submitted by the Plaintiffs is in the form of an expert report by Dr. Alvin Schonfeld. In preparing his expert reports, Dr. Schonfeld relied on medical records from Dr. Sharpe and/or Dr. Najjar in some cases, and in others personally reviewed the applicable x-rays. Dr. Schonfeld was deposed on March 15, 2011. At that time, he was informed of the events leading to the loss of Dr. Sharpe's and Dr. Najjar's medical licenses. Based on the fact that "some of the doctors whose reports [he] relied on [had] fabricated medical records," Dr. Schonfeld stated that he "would no longer support [his] diagnoses in these cases." As to the remaining cases, Dr. Schonfeld affirmed his own readings of various x-rays but conceded that he could not diagnose any disease based on this information alone. Given these circumstances, Dr. Schonfeld withdrew his diagnoses in all cases. *Defendant CSXT's Motion for Summary Judgment:* Exhibit "C" to Brief in Support [Docket #12-3] Schonfeld March 15, 2011 Deposition at pp. 5-30 of 30.

Defendant CSXT argues, in light of the withdrawal of Dr. Schonfeld's diagnoses, many of the cases listed in Exhibit "A" "now rest solely on the unsworn reports of Sharpe and Najjar, [ . . . and ] are due to be dismissed under the reasoning set forth below and in this Court's prior orders." *Id.* [Docket #12] at p. 7 of 19.

In their response to the motion for summary judgment, Plaintiffs agree that all cases, with the exception of five cases which will be discussed separately, are "Sharpe/Najjar only" cases that "present the same issues decided by this Court in its Report and Recommendation dated May 26, 2010 and Judge Eduardo C. Robreno's Order dated September 1, 2010." Plaintiffs rest on their prior arguments to assert that "Dr. Sharpe's or Dr. Najjar's report is sufficient to create genuine issues of material fact on injury and causation." *Plaintiffs' Response In Opposition* [Docket #13] at pp. 2, 4 of 6.

Under the present circumstances, I conclude that Defendant CSXT's unopposed motion for summary judgment on all cases in which Dr. Schonfeld's expert report has been withdrawn should be granted. I have reviewed all pleadings and the record, and independently find that CSXT is entitled to judgment as a matter of law in these cases, based on Judge Robreno's prior Sharpe/Najjar ruling.

### B. Dr. Herman Levy's Diagnoses Do Not Show Asbestosis And Plaintiffs Cannot Survive Summary Judgment Solely on Unsworn Sharpe/Najjar Reports.

In some of the cases listed in Exhibit "A," the additional medical evidence which has been submitted by the Plaintiffs is in the form of an expert report by Dr. Herman Levy, a pulmonologist. Years ago, Dr. Levy had examined various Plaintiffs' records. When Dr. Levy was deposed, he confirmed that in some cases he had not diagnosed asbestosis and in others, more recent plaintiff records led him to conclude that he could no longer diagnose asbestosis. *Defendant CSXT's Motion for Summary Judgment:* Exhibit "D" to Brief in Support [Docket #12-4] Levy April 2, 2011 Deposition at pp. 2-4 of 28 and [Docket #12-5] Levy May 4, 2011

Deposition at pp. 3-4, 6-7 of 10.

Defendant CSXT argues, in light of the fact that Dr. Levy has disavowed his earlier diagnoses, these cases also now rest solely on the unsworn reports of Sharpe and Najjar and should be dismissed. *Id.* [Docket #12] at pp. 9-10 of 19.

In their response to the motion for summary judgment, Plaintiffs agree that all cases, with the exception of one case (*Donald Payne*, 2:09-cv-92676-ER), are "Sharpe/Najjar only" cases and rest on their prior arguments to assert that the Sharpe and Najjar reports are sufficient to create genuine issues of material fact on injury and causation. *Plaintiffs' Response In Opposition* [Docket #13] at pp. 1-2 of 6. As to Plaintiff Donald Payne, Plaintiffs argue:

> "Dr. Levy testified that based on his findings, pulmonary function test, chest x-ray and history of asbestos exposure, that he diagnosed Mr. Payne with asbestosis, He had not read later chest x-ray and did not know what his reading on that chest x-ray would be. Based on Dr. Levy's findings, there remains a genuine issue of material fact for the jury to decide. Defendant's motion as to Donald Payne should be denied."

*Id.* at p.1 of 6.

Under the present circumstances, I conclude that Defendant CSXT's unopposed motion for summary judgment on all Exhibit "A" cases in which Dr. Levy's expert report has been withdrawn should be granted. I have reviewed all pleadings and the record, and independently find that CSXT is entitled to judgment as a matter of law in these cases, based on Judge Robreno's prior Sharpe/Najjar ruling.

As to Plaintiff Donald Payne, I find that Dr. Levy's deposition testimony does not raise an issue of material fact for the factfinder. At his May 5, 2011 deposition, Dr. Levy that he saw Mr. Payne once on March 17, 2000, at which time he diagnosed asbestosis. *Plaintiffs' Response In*

*Opposition*: Exhibit "B" [Docket #13-2] at p. 3 of 9.  At deposition, Dr. Levy was shown a 2002 x-ray reading of Mr. Payne's chest (that he had not seen before) which noted that Mr. Payne's lungs were clear and well expanded with no mention of increased interstitial markings.  Dr. Levy testified that the 2002 x-ray reading was inconsistent with his earlier finding of asbestosis, and stated that he would need to look at the 2002 x-ray himself before he could confirm or disavow his earlier diagnosis of asbestosis.  *Id.* at pp. 7-8 of 9.  The time for completing expert discovery is over and Dr. Levy's diagnosis as to Plaintiff Donald Payne is not sufficient expert testimony to support the FELA injury and causation requirements.  This testimony does not meet Plaintiffs' burden of showing a material issue of fact for trial.

    **C.**    **Dr. Manel Nayak's Treating Records Are Not Sufficient
For Plaintiffs To Survive Summary Judgment.**

In some of the cases listed in Exhibit "A," the additional medical evidence which has been submitted by the Plaintiffs is in the form of medical records of Dr. Manel Nayak.  Dr. Nayak was deposed, without incident, in four Roger Lane/CSXT asbestos cases on March 11, 2011.  Defendant CSXT sought to depose Dr. Nayak in six more cases on May 11, 2011.  When Counsel appeared at Dr. Nayak's office on May 11th, Dr. Nayak declined to be deposed unless he was prepaid a fee five times greater than the fee he had charged in March 2011.  Counsel for Defendant CSXT told Dr. Nayak that the requested fee was unreasonable and asked him to accept a more reasonable rate.  Dr. Nayak refused.  A record was made of the attempted May 11, 2011 deposition of Dr. Nayak.  *See Defendant CSXT's Motion for Summary Judgment:* Exhibit "F" to Brief in Support [Docket #12-6].

Defendant CSXT argues that by requiring an exorbitant hourly rate for his deposition, Dr. Nayak "essentially made himself unavailable to be deposed." In four cases, the Plaintiffs are "left with unsworn medical reports of Dr. Nayak to support their cases [ . . . which] like the Sharpe and Najjar reports, cannot vault these Plaintiffs' cases over the summary judgment barrier." *Id.* [Docket #12] at pp. 10-11 of 19[5].

In response to Defendant CSXT's motion for summary judgment, Plaintiffs argue that their Counsel was present and willing to participate in the May 11, 2011 deposition, they have no control over Dr. Nayak's requested fee, and there are "other remedies available to Defendant including issuing a subpoena to Dr. Nayak." Plaintiffs assert that "[t]he Court should reserve judgment in the above four cases until discovery is completed as to Dr. Nayak." *Plaintiffs' Response In Opposition* [Docket #13] at pp. 1-2 of 6.[6]

There is a dispute over Dr. Nayak's intended role in these asbestos cases. Plaintiffs refer to Dr. Nayak as a treating physician, not an expert. *Id.* at p. 2 of 6; *Plaintiffs' Supplemental Response* [Docket #14] at p. 1 of 3. *See Defendant CSXT's Motion for Summary Judgment:* Exhibit "F" to Brief in Support May 11, 2011 Deposition [Docket #12-6] at p. 4 (where Plaintiff's Counsel states: "Dr. Nayak is a treating doctor. He's not our doctor. He's not our expert witness or anything like that. He sees these plaintiffs as patients so I really have no

---

[5] In two of the six cases, in addition to the Sharpe/Najjar and Nayak medical evidence, there is additional expert testimony. Thus, those two cases are not included in the Exhibit "A" list.

[6] In a supplemental response, Plaintiffs add a fifth case in which Dr. Nayak is a treating physician, *Larry Reese*, 2:09-cv-74295-ER, and note that they are seeking a deposition date from Dr. Nayak at this time. *Plaintiffs' Supplemental Response* [Docket #14] at p. 1 of 3. The same analysis in the text above applies to Mr. Reese's case.

control over what he charges."). Defendant CSXT argues that while Dr. Nayak is a treating physician, Plaintiffs have relied upon him as an expert witness in the four cases about which he was deposed on March 11, 2011. *Defendant CSXT's Reply Brief* [Docket #15] at p. 5 of 7.

Whether Dr. Nayak is characterized as an expert witness or treating physician, his medical records are being offered as evidence of injury and causation. The deadline for completing all discovery has passed, and the Court should not permit Plaintiffs additional time to depose this witness. As the records now stand, Dr. Nayak's medical records are not sufficient to withstand Defendant CSXT's motion for summary judgment. Plaintiffs have submitted Dr. Nayak's medical records for two Plaintiffs - Larry Reese (2:09-cv-74295-ER) and Harry Richard Barber (2:09-cv-74203-ER). In both of these cases, Dr. Nayak notes that the Plaintiff has been diagnosed as having pulmonary asbestosis by Dr. Sharpe and states the "clinical impression" of pulmonary asbestosis. *See Plaintiffs' Response In Opposition*: Exhibit "C" [Docket #13-3] and *Plaintiffs' Supplemental Response*: Exhibit "B" [Docket #14-2]. At his March 11, 2011 deposition (which related to four asbestos cases that did not include Larry Reese or Harry Richard Barber), Dr. Nayak explained that where he had written asbestosis in the "clinical impression" section of his treatment notes for the Plaintiffs, he was not making a diagnosis but was relying on the history, including a prior diagnosis by Dr. Sharpe. *Defendant CSXT's Motion for Summary Judgment:* Exhibit "E" to Brief in Support [Docket #12-5] at pp. 2-3, 5, 8, 10 of 10. Under these circumstances, I conclude that Dr. Nayak's treatment notes do not raise a material issue of fact as to injury and causation and, therefore, Defendant CSXT is entitled to summary judgment on the cases in which the treatment notes of Dr. Nayak are being relied upon to show injury and causation.

### D. The Progress Notes for Donald Chancey Are Not Sufficient To Survive Summary Judgment.

In their supplemental response, Plaintiffs have submitted progress notes related to Donald Chancey, 2:09-cv-74281-ER, which purport to be medical records of Dr. M. Rothstein. Plaintiffs argue that Dr. Rothstein has diagnosed Mr. Chancey with asbestosis and represent: "Plaintiff Chancey is seeking a sworn statement from Dr. Rothstein and this Response will be supplemented when this sworn statement is received." *Plaintiffs' Supplemental Response:* Exhibit "C" [Docket #14-3].

The progress notes are unsworn, and as noted above, the deadline for discovery has expired. The proffered supplemental statement from Dr. Rothstein is untimely and should not be permitted. The progress notes for Donald Chancey are not sufficient to withstand Defendant CSXT's motion for summary judgment.

### IV. CONCLUSION/RECOMMENDATION.

Based upon my review of the pleadings and the record, and for the reasons stated, I find that Plaintiffs in the cases listed in Exhibit "A" have failed to provide sufficient admissible medical evidence of asbestos-related injury and, therefore, recommend that Defendant CSXT be granted summary judgment in these cases.

BY THE COURT:

  S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

| Case Number | Plaintiff |
|---|---|
| 2:09-cv-74046-ER | JAMES E. ANDERSON |
| 2:09–cv-92619-ER | BILLY F. AYCOCK |
| 2:09-cv-74203-ER | HARRY RICHARD BARBER |
| 2:09-cv-74409-ER | MELVIN LEE BEASLEY |
| 2:09-cv-74367-ER | LARRY CULLEN BRYANT |
| 2:09-cv-92665-ER | AUBREY CARTER |
| 2:09-cv-74246-ER | ORVILLE CARTER |
| 2:09-cv-92659-ER | ROBERT L. CARTER, JR. |
| 2:09-cv-74281-ER | DONALD JACKSON CHANCEY |
| 2:09-cv-74187-ER | M.C. COKER |
| 2:09-cv-74211-ER | WILLIAM LARRY CRAWFORD |
| 2:09-cv-92683-ER | JAMES CREWS |
| 2:09-cv-74196-ER | HENRY D. CROSBY |
| 2:09-cv-92648-ER | FOY D. FAULK |
| 2:09-cv-74236-ER | WILLIAM CLINTON GODWIN, SR. |
| 2:09-cv-74290-ER | RONALD EARLY GRIFFEN |
| 2:09-cv-74359-ER | JOHN LAZARUS HARRIS, SR. |
| 2:09-cv-92677-ER | TERRY R. HARRIS |
| 2:09-cv-74256-ER | DWIGHT HERRIN |
| 2:09-cv-74335-ER | DENNIS MITCHELL HICKOX |
| 2:09-cv-92613-ER | WILLIE R. HUGLEY |
| 2:09-cv-74228-ER | TERRY M. JACOBS |
| 2:09-cv-74006-ER | JOSEPH E. JOHNSON |
| 2:09-cv-74207-ER | GLENN RAY JONES |
| 2:09-cv-73958-ER | CHARLES EDWIN KING |
| 2:09-cv-74315-ER | EDWARD CLARENCE LOTT |
| 2:09-cv-92620-ER | CECIL E. MIXON |
| 2:09-cv-74232-ER | CLEVELAND B. MOORE |
| 2:09-cv-74296-ER | JOHN MURRAY |
| 2:09-cv-92663-ER | MALCOLM G. O'NEAL |
| 2:09-cv-92676-ER | DONALD A. PAYNE |
| 2:09-cv-92675-ER | LEWIS H. POWELL |
| 2:09-cv-74295-ER | LARRY REESE |
| 2:09-cv-73983-ER | LARRY JOE ROBBINS |
| 2:09-cv-74267-ER | HENRY ROBERTS |
| 2:09-cv-74268-ER | RICHARD A. ROBINSON |
| 2:09-cv-74299-ER | DANIEL SCOTT |
| 2:09-cv-74308-ER | VIRGIL SELPH |
| 2:09-cv-74341-ER | DAVID EARL SPELL |
| 2:09-cv-74454-ER | MARION CLYDE THRIFT |
| 2:09-cv-92686-ER | HOLTON TODD |
| 2:09-cv-74193-ER | LARRY H. VICK |
| 2:09-cv-73957-ER | LEWIS E. WALSH |
| 2:09-cv-74309-ER | SAMUEL WALTON |
| 2:09-cv-92644-ER | JOHNNIE L. WILCOX |
| 2:09-cv-74191-ER | JAMES BEAUFORD WILLIS |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
Robert N.C. Nix Federal Building
900 Market Street, Suite 211
Philadelphia, PA   19107

Chambers of
 M. FAITH ANGELL                                         P:   (215) 597-6079
United States Magistrate Judge                           F:   (215) 580-2165

## *FAX / MAIL COVER SHEET*

**CASE NO.**   Roger Lane CSX Cases Listed         **DISTRICT COURT JUDGE:** ER
              In Exhibit "A"                                   215-580-2362

**TODAY'S DATE**: June 27, 2011                    **LAW CLERK'S INITIALS**: JJK


**NAME**                                            **FAX NUMBER**

(1)  Roger B. Lane, Esq./C. Darrell Gossett, Esq.   912-265-3757

(2)  Randall A. Jordan, Esq./Karen Jenkins Young, Esq./
     Grant C. Buckley, Esq.                         912-638-0605